UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| KELLY HAUGEN, | ) | Civ. 11-4164-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING MOTION TO |
| CITY OF TEA AND COUNCIL; | ) | PROCEED IN FORMA PAUPERIS |
| JOHN LAWLER, Mayor; | ) | AND DISMISSING CASE |
| DAWN MURPHY, Finance Officer; | ) | |
| SID MUNDSON, Council Member; | ) | |
| DICK DUNBRO, (Former) Chief of Police; | ) | |
| BRIAN FOWLDS, Council Member; | ) | |
| JOE WEISS, Council Member President; | ) | |
| HERMAN OTTEN, Council Member; | ) | |
| TODD BOOTS, Council Member; | ) | |
| CHUCK ORTMEIER, Council Member; | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Kelly Haugen, filed a pro se lawsuit on November 14, 2011. The complaint names as defendants the City of Tea and its city council, various city officials and members of the city council, and a former police officer. Haugen moves for leave to proceed in forma pauperis in her lawsuit against defendants.

A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. In forma pauperis status is a

privilege rather than a right. *See, e.g., Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) (discussing the right to proceed in forma pauperis in a nonprisoner case). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). In her affidavit, Haugen indicates that her monthly expenses exceed her income. Docket 3-1. Haugen also states that her husband lost his job in October 2010 and was injured in a car accident in March 2011 and that the resulting medical bills are "skyrocketing." *Id.*

But the inquiry does not end there. Under § 1915, this court must review the claims in the complaint to determine if they are "(i) frivolous or malicious; (ii) fail to state a claim on which relief may be granted; or (iii) seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(b).  "Although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993). Broad and conclusory statements unsupported by factual allegations are not sufficient.  *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). If the allegations in a pro se complaint are not sufficient to "nudge [ ] claims across the line from conceivable to plausible, [the] complaint must

2

be dismissed" for failure to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Haugen asserts a number of claims against defendants. She appears to be citing South Dakota statutes in support of her allegations. Her allegations are the following: "22-19A-4 harasses (pornography at school); 22-19A-1 stalking (pornography at school); 22-11-10 compounding a felony or misc. (porn brought to the attention of Mayor Lawler, no action taken); 22-24-55 public school restricted; 20-13-26 aiding, 60-2-16 employer- misc." Docket 1.[1] Haugen seeks a public apology from the mayor and $500,000 in damages for the fear of losing her job and her husband losing his job. *Id.*

---

[1] Title 22 of the South Dakota Codified Laws is titled "Crimes." SDCL 22-19A-4 provides that "harasses means a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, or harasses the person, and which serves no legitimate purpose." SDCL 22-19A-1 defines the crime of stalking under South Dakota law. SDCL 22-11-10 provides that "[a]ny person who accepts, or offers or agrees to accept, any pecuniary benefit as consideration for . . . refraining from seeking prosecution of an offender; or refraining from reporting to law enforcement activities the commission or suspected commission of any crime or any information relating to a crime is guilty of compounding." SDCL 22-24-55 requires public schools to restrict access to obscene materials on public access computers and details steps that a local schools district must take to do so. Title 20 of the South Dakota Codified Laws is titled "Personal Rights and Obligations." SDCL 20-13-26 provides that it is an unfair and discriminatory practice for a person to retaliate or engage in reprisals against a person who reports unlawful discrimination or files a charge with the South Dakota Commission of Human Rights. Title 60 of the South Dakota Codified Laws is titled "Labor and Employment." SDCL 60-2-16 provides that "[a]n employee who is guilty of willful and wanton misconduct is liable to the employer for the damage thereby caused to the employer" and the "employer is liable to the employee if the service is not gratuitous, for the value of the service only as is properly rendered."

Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Haugen has not identified a federal cause of action or a basis for federal jurisdiction in her complaint. Accordingly, her complaint, as it is currently pleaded, fails to establish federal jurisdiction or state a claim upon which relief may be granted. Thus, Haugen's complaint is dismissed pursuant to 28 U.S.C. § 1915. Therefore, it is

ORDERED that Haugen's motion for leave to proceed in forma pauperis (Docket 7) is granted.

IT IS FURTHER ORDERED that Haugen's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915 and all pending motions (Docket 4, 8) are denied.

Dated December 14, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE